**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Garcia,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-07-1849-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion. Dkt. ##9, 13. The Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**I.    Background.**

In September 1999, the Social Security Administration ("SSA") granted Plaintiff disability insurance benefits, effective July 31, 1998, for a disability caused by Meniere's disease and a back disorder. Tr. 48, 58. On September 27, 2001, the SSA determined that Plaintiff continued to be disabled due to vertigo, sensory hearing loss, and tinnitus. Tr. 48. The SSA subsequently found that Plaintiff's health had improved and he was no longer disabled as of August 1, 2005. Tr. 58-62. The SSA confirmed this finding in a notice of reconsideration issued in December 2005. Tr. 42-54.

Plaintiff requested further administrative review, and a hearing was held before an Administrative Law Judge ("ALJ") on April 19, 2007. Tr. 374-401. The ALJ issued a decision on June 25, 2007, finding that Plaintiff's disability had ended on August 1, 2005. Tr. 12-20. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 3-5. Plaintiff then commenced this action for judicial review. Dkt. #1.

## II.    Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## III.   Analysis.

Whether a claimant's disability continues or ends is determined using an eight-step sequential evaluation process. *See* 20 C.F.R. § 404.1594(f)(1)-(8). The ALJ followed this process and found that (1) Plaintiff had not worked through August 1, 2005, (2) Plaintiff's impairments were not severe enough to meet or equal a listed impairment, (3) Plaintiff's medical condition had improved, (4) the improvement was related to the ability to work, (5) Plaintiff's Meniere's disease, back disorder, major depression, asthma, and history of substance abuse were severe impairments, (6) Plaintiff had the residual functional capacity to perform simple, repetitive tasks in a low stress work environment, but was not able to perform his past work, and (7) Plaintiff was able to perform some unskilled light jobs that existed in significant numbers in the national economy. Tr. 14-20; *See* 20 C.F.R. § 404.1594(f)(1)-(4), (6)-(8).[1]

---

[1] The ALJ did not address the fifth step given her findings at steps three and four that Plaintiff's medical condition had improved and the improvement was related to the ability to work. *See* 20 C.F.R. § 404.1594(f)(5).

- 2 -

1 Plaintiff argues that the ALJ improperly rejected the opinions of examining physician 2 Dr. Robert Narvaiz and treating physician Dr. Jack Butler. Dkt. #11 at 4-6. Plaintiff further 3 argues that a remand for an award of benefits is appropriate because the impartial vocational 4 expert, David Janus, testified that the functional limitations found by Drs. Narvaiz and Butler 5 would preclude Plaintiff from all work. *Id.* at 4, 7. Defendant contends that the ALJ's 6 decision is supported by substantial evidence because the ALJ properly relied on the opinions 7 of two non-examining physicians, Drs. Jack Marks and Paul Tangeman. Dkt. #15 at 2-3.

8 As explained more fully below, the Court concludes that the ALJ did not reject 9 Dr. Narvaiz's opinion. The Court further concludes that the ALJ erred in failing to consider 10 Mr. Janus' uncontroverted testimony that the mental limitations found by Dr. Narvaiz would 11 preclude Plaintiff from all work. The Court will remand the case for an award of benefits 12 because it is clear from Dr. Narvaiz's opinion and Mr. Janus' testimony that Plaintiff 13 continues to be disabled. The Court accordingly need not address Plaintiff's argument 14 regarding Dr. Butler.

15 **A.     Did the ALJ Reject the Opinion of Dr. Narvaiz?**

16 Dr. Narvaiz examined Plaintiff on July 11, 2005. Tr. 273. He diagnosed Plaintiff 17 with major depression and opined that Plaintiff had moderate limitations in several areas of 18 mental functioning, including his ability to maintain concentration for extended periods. 19 Tr. 274-79. Dr. Narvaiz also opined that Plaintiff had mild to moderate limitations in his 20 ability to complete a workday and workweek without interruptions and to perform at a 21 consistent pace without an unreasonable number of breaks. Tr. 278. Dr. Narvaiz's prognosis 22 indicated that Plaintiff may have some difficulty "staying focused and completing tasks on 23 the job." Tr. 275.

24 Dr. Narvaiz's written report was reviewed by Drs. Marks and Tangeman. Tr. 232, 25 252. Both doctors agreed with Dr. Narvaiz's diagnosis of major depression and his opinion 26 that Plaintiff had difficulties in maintaining concentration, persistence, and pace. Tr. 216-19, 27 226, 230, 250, 254, 260. Dr. Marks concluded that Plaintiff was capable of performing 28 simple, repetitive tasks. Tr. 252. Dr. Tangeman concluded that Plaintiff was able to perform

low stress work activities. Tr. 232.

Plaintiff contends that the ALJ erroneously accepted the opinion of Dr. Marks over that of Dr. Narvaiz. Tr. 4-5, 7. The Court disagrees.

At step two of the evaluation process, the ALJ concluded that Plaintiff's impairments did not meet or equal a listed impairment in part because Plaintiff had only moderate difficulties in maintaining concentration, persistence, and pace. Tr. 14. Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Narvaiz's opinion in reaching this conclusion. The ALJ's decision makes clear that she accepted the opinions of both Dr. Marks *and Dr. Narvaiz*:

> The [step two] findings are supported by the overall record *[and] the results of the consultive mental status evaluation conducted by Robert Narvaiz, M.D. On July [11], 2005, the doctor determined that the claimant had major depression, but the claimant was only moderately limited in mental functioning in a few areas*. The medical consultant for the State agency, Jack Marks, M.D., concluded the claimant capable of simple, repetitive tasks. Dr. Marks also noted that the claimant does have some problems in the area of concentration.

Tr. 14 (citations omitted) (emphasis added).

At step seven of the evaluation process, the ALJ concluded that Plaintiff was limited to performing simple, repetitive tasks in a low stress work environment due to his moderate limitations in maintaining pace and using judgment. Tr. 16. The ALJ did not accepted Dr. Tangeman's opinion over that of Dr. Narvaiz. Dkt. #15 at 3. The ALJ did find Dr. Tangeman's opinion to be "highly probative," but she also found that it was "generally supported" by the results of Dr. Narvaiz's examination. Tr. 18-19.

The Court concludes that the ALJ did not reject Dr. Narvaiz's opinion. Instead, the ALJ explicitly accepted the opinion with respect to the severity of Plaintiff's impairments (step two) and his residual functional capacity (step seven).

**B.     Did the ALJ Err at Step Eight of the Evaluation Process?**

Once it is determined that the claimant cannot perform his past work, as was determined in this case (Tr. 19), "the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national

- 4 -

economy[.]" *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  There are two ways for the Commissioner to meet his burden:  by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines or "grids." *Id.* at 1100-01.  The grids "are a matrix system for handling claims that involve substantially uniform levels of impairment." *Id.* at 1101 (citing 20 C.F.R. pt. 404, subpt. P., app. 2).  Where the claimant has a significant non-exertional limitation not contemplated by the grids, a vocational expert is required.  *Id.* at 1101-02.  The vocational expert's role is to translate the claimant's functional limitations "into realistic job market probabilities by testifying on the record to what kinds of jobs the claimant can still perform and whether there is a sufficient number of those available[.]" *Id.* at 1101.

In this case, it is undisputed that Plaintiff suffers from a significant non-exertional impairment – major depression.  Mr. Janus was called to help determine the extent of erosion of the unskilled light job base caused by Plaintiff's mental limitations.  Tr. 20; *see* SSR 83-12, 1983 WL 31253, at *2.  Mr. Janus testified that if Plaintiff was limited to performing simple, repetitive tasks in a low stress work environment, he would still be able to perform janitorial work.  Tr. 398.  The ALJ relied on this testimony in concluding that Plaintiff could perform some unskilled light work.  Tr. 20.

But Mr. Janus also testified that Plaintiff would be precluded from all work if he had the moderate mental limitations found by Dr. Narvaiz.  Mr. Janus specifically mentioned Plaintiff's difficulties "staying within work-like structures and getting [through] the normal workday and workweek without interruptions[.]"  Tr. 399; *see* Tr. 278.  These limitations were found not just by Dr. Narvaiz, but also by Dr. Tangeman.  Tr. 231.   Given the ALJ's acceptance of Dr. Narvaiz's opinion, as well as her conclusion that the limitations found by Dr. Tangeman were "highly probative," it was error for the ALJ to ignore Mr. Janus' testimony regarding Dr. Narvaiz's opinion.  *See Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (ALJ erred in ignoring the unchallenged testimony of the vocational expert).  Put another way, the ALJ's step eight determination is not supported by substantial evidence because the hypothetical the ALJ relied on in concluding that Plaintiff was able to perform

1 some unskilled light work did not "set out *all* the limitations and restrictions" of Plaintiff. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (emphasis in original); *see Gallant v. Heckler*, 753 F.2d 1450, 1456-57 (9th Cir. 1984) (Commissioner did not meet her burden of proving that the claimant was capable of performing other work where the hypothetical posed to the vocational expert did not include all of the claimant's impairments).

**C.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. This Circuit has held that a remand for an award of benefits is appropriate in cases where there are no outstanding issues that must be resolved before a proper determination can be made and where it is clear from the record that the ALJ would be required to award benefits. *See, e.g.*, *Varney v. Secretary of HHS*, 859 F.2d 1396 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, Dr. Narvaiz examined Plaintiff and opined that he had moderate limitations in several areas of mental functioning. Tr. 276-79. Dr. Tangeman found many of the same limitations. Tr. 219-31. The ALJ accepted the opinions of both doctors. Tr. 14, 18-19. When Mr. Janus was asked whether the mental limitations found by Dr. Narvaiz would preclude Plaintiff from all work, he said yes. Tr. 399. Because the opinions of experts accepted by the ALJ make clear that Plaintiff is not able to work, "a remand for further proceedings would serve no useful purpose." *Reddick*, 157 F.3d at 730; *see Varney*, 859 F.2d at 1401 ("[T]he vocational expert's testimony establishes that [the claimant] cannot work and is entitled to disability benefits. We therefore remand for an award of such benefits."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[B]ecause the vocational expert testified that Lingenfelter's pain and physical limitations would eliminate any potential employment, further proceedings are unnecessary[.]"); *see also D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at \*9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the vocational expert testified that the claimant's limitations would preclude all work and further delays in the administrative process would be unduly

1 burdensome on the claimant).

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #9) is **granted**.
2. Defendant's cross-motion for summary judgment (Dkt. #13) is **denied**.
3. Defendant's administrative decision is **vacated**.
4. The case is remanded to Defendant for an award of benefits.
5. The Clerk shall enter judgment accordingly.

DATED this 31st day of March, 2008.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge